IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-129 |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD COOPERMAN, Individually as owner and operator of MR. TILE, INC. | ) ) ) | **A JURY TRIAL IS DEMANDED** |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Mr. Tile, Inc. and Sanford Cooperman, by and through their attorneys Grogan Graffam P.C., respectfully move this Court to dismiss portions of the Plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. In support of their Motion, Defendants state as follows:

1. This is a civil rights action filed by a former employee of Mr. Tile, Inc. Plaintiff was terminated from her position as a Service Department Clerk on November 10, 2003. She alleges that she was subjected to discriminatory employment practices during her employment.

2. The Complaint alleges four counts: (1) American with Disabilities Act (42 U.S.C. §12101et seq.) (2) wrongful termination in contravention of public policy (3) Title VII of the Civil Rights Act of 1964; and (4) Intentional infliction of emotional distress.

3. Title VII does not recognize individual liability and therefore Plaintiff's Title VII Claim against Mr. Cooperman should be dismissed.

4. Further, Count III should be dismissed in its entirety for failure to assert facts which give rise to a cognizable claim of gender discrimination.

5. Count IV should be dismissed for failure to state a claim because termination of an employee does not give rise to a claim of intentional infliction of emotional distress.

6. The demand for relief pursuant to 42 U.S.C. §2000e-5(g) contained in paragraph 62 of Count II should be stricken for failure to state a proper claim of relief pursuant to the wrongful discharge claim, a state law cause of action.

7. Paragraphs 7 through 11 of the Complaint, relating to maternity leave taken 5 years ago, should be stricken as impertinent and immaterial to the cause of action at issue.

8. In further support of their Motion to Dismiss, Defendants incorporate herein by reference their Memorandum of Law in Support Motion to Dismiss filed simultaneously herewith.

**WHEREFORE** Defendants Mr. Tile, Inc. and Sanford Cooperman respectfully request this Court for an order as follows: a) dismissing Count III of the Complaint; b) dismissing Count IV of the Complaint; c) striking paragraph 62 of the Complaint and the demand for relief pursuant to 42 U.S.C. §2000e-5(g) contained in paragraph 62 of Count II; and d) striking paragraphs 7 through 11 of the Complaint.

GROGAN GRAFFAM P.C.


s/George H. Craig, Esquire
GEORGE H. CRAIG, ESQUIRE
Pa. I.D. #18132
BETHANN R. LLOYD, ESQUIRE
Pa. I.D. #77385
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
(412) 553-6300
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss was served by First Class United States Mail, postage prepaid, upon the following counsel of record this 1st day of July, 2005:

Alexander H. Lindsay, Jr.
126 South Main Street
Butler, PA
16001

GROGAN GRAFFAM P.C.

s/George H. Craig, Esquire
GEORGE H. CRAIG, ESQUIRE