IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-129 |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD | ) | |
| COOPERMAN, Individually as owner and | ) | **A JURY TRIAL IS DEMANDED** |
| operator of MR. TILE, INC. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, MR. TILE, INC ("Mr. Tile") and SANFORD COOPERMAN (Mr. Cooperman"), by their attorneys, GROGAN GRAFFAM, P.C., set forth the following Brief in Support of Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure as follows:

### I. FACTS

"A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Burlington Coat Factory Securities Litigation, In re, 114 F.3d 1410, 1420 (3RD Cir. (N.J.) 1997). Accordingly, the recitation of facts contained herein is derived from the allegations contained in Plaintiff's Complaint, taken as true for the purposes of this Motion only.

1. Plaintiff was employed by Mr. Tile ("Employer") beginning on January 19, 1998. (Cmplt ¶6)

2. In 2000, Plaintiff became a Service Department Manager. (Cmplt ¶7-13)

3.    In the Fall of 2002, Plaintiff went on medical leave for seven months for treatment of cervical cancer. (Cmplt ¶14-15).

4.    When Plaintiff returned to work in approximately April of 2003, the Employer initially suggested a reduced working schedule of 2 days per week at reduced hours. (Cmplt ¶27).

5.    Plaintiff requested a reduced working schedule of 3-4 days per week at reduced hours until she regained her strength. (Cmplt ¶24). Apparently, after discussions, the two day per week schedule was put into place.

6.    By the end of June of 2003, the Employer asked her, on a limited basis, to work up to seven hours a day during inventory. (Cmplt ¶30-31).

7.    By the mid-summer of 2003, Plaintiffs was asked to work some additional hours to accommodate another employee who was seriously ill and on medical leave. During this time, Plaintiff worked approximately 22 hours a week. (Cmplt ¶33-35).

8.    Plaintiff's Complaint does not indicate that she ever objected to the limited requests for her to work additional hours. And, in fact, the number of hours is consistent with her initial suggestion to work 3-4 days per week upon return from leave.

9.    By September of 2003 Plaintiff asked her Employer to increase her hours. (Cmplt ¶37).

10.    When her hours were not increased at that time, Plaintiff filed for Unemployment Compensation based on her reduced hours. (Cmplt ¶40-41).

11.    Mr. Tile, Inc. terminated Plaintiff on November 10, 2003 advising her at that time of issues with her performance. (Cmplt ¶42-43).

Plaintiff's Complaint asserts four Counts as follows:

1. Count I:  Violation of Americans with Disabilities Act (ADA);

2. Count II:  Wrongful Termination in Contravention of Public Policy;

3. Count III: Violation of Title VII of the Civil Rights Act; and

4. Count IV: Intentional Infliction of Emotional Distress.

## II.  ARGUMENT

**A.    INDIVIDUALS CANNOT BE HELD LIABLE IN A TITLE VII ACTION AS A MATTER OF LAW AND THUS, COUNT III SHOULD BE DISMISSED AS AGAINST DEFENDANT COOPERMAN.**

In Count III of the Complaint brought under Title VII of the Civil Rights Act (42 U.S.C. §2000e, Plaintiff does not specify the Defendants against whom this Count is brought.  However, therein she refers to her charges of discrimination against the <u>Defendants</u>, in the plural. Furthermore, the *ad damnum clause* requests that the Court order <u>Defendants</u> "to make the plaintiff whole by providing appropriate back pay and reimbursement for loss pension and other benefits and expenses in an amount to be shown at trial."  Accordingly, it appears that in Count III Plaintiff seeks relief against Defendant Cooperman, an individual, and Defendant Mr. Tile, Inc., the Employer.

Title VII provides, in relevant part: "It shall be an unlawful employment practice for <u>an employer</u> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a) (emphasis added). The statute defines "employer" as "a person  engaged in

an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." Id. § 2000e(b).

There is clearly a difference between Sanford Cooperman who is an individual and Mr. Tile, Inc., a Pennsylvania corporation and Plaintiff's Employer. In the case Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1077-1078 (3d Cir., 1996), the Third Circuit Court of Appeals specifically rejected an attempt to hold an individual employee liable in a Title VII case. In support of its position, the Third Circuit noted:

> In our independent examination of this issue, we find most significant the fact that when Congress amended the statute in 1991 to provide a detailed sliding scale of damages ranging from $ 50,000 for an employer of more than 14 and fewer than 101 employees, to $ 300,000 for employers with more than 500 employees, 42 U.S.C. § 1981a(b)(3), it made no reference as to the amount of damages, if any, that would be payable by individuals. This strongly suggests that Congress did not contemplate that such damages would be assessed against individuals who are not themselves the employing entity. See Tomka, 66 F.3d at 1315; Maxwell's, 991 F.2d at 587 n.2; Ascolese v. Southeastern Pa. Transp. Auth., 902 F. Supp. 533, 540 (E.D.Pa. 1995), modified on other grounds, 925 F. Supp. 351 (1996).

> Moreover, we note that Congress had previously expressed its concern about the impact of Title VII litigation on small businesses when it excluded businesses with fewer than fifteen employees from the definition of an "employer." It is reasonable to infer that Congress's concern in that regard applies as well to individuals. See Williams, 72 F.3d at 553; Tomka 66 F.3d at 1314 (citing remarks of legislators indicating concern with burdens imposed upon small businesses forced to defend against Title VII suits); Miller, 991 F.2d at 587.

Therefore, any claim brought under Title VII against Sanford Cooperman should be dismissed.

**B.    PLAINTIFF FAILS TO STATE A CLAIM FOR DISPARATE TREATMENT UNDER TITLE VII AND THUS, COUNT III SHOULD BE DISMISSED.**

As noted above, in Count III of the Complaint Plaintiff alleges a violation of Title VII of the Civil Rights Act.  However, Plaintiff fails to articulate the theory under which a Title VII violation is being pursued.   Defendants are left to guess that Plaintiff is attempting to articulate some type of gender discrimination claim.

Assuming Defendants are guessing correctly, Plaintiff does not allege a hostile work environment or allege any facts by which such an environment could be inferred.   To the contrary, Defendants believe that Plaintiff is instead, attempting to assert a gender based disparate treatment claim based on the allegations in paragraphs 47 and 48 which state as follows:

47.    The Plaintiff also contends that at least two male employees left their work voluntarily at Mr. Tile, Inc. and when they returned they were rehired with no loss of benefits or seniority.

48.    Based on the preceding paragraph, the Plaintiff alleges that she was discriminated against on the basis of her gender, female.

Under Title VII, a finding of discrimination requires a comparison of otherwise similarly situated persons who are in different groups by reason of certain characteristics, such as gender. See, e.g., Newport News Shipbuilding & Dry Dock Co. v. EEOC, 462 U.S. 669, 683, 77 L. Ed. 2d 89, 103 S. Ct. 2622 (1983) (explaining that Title VII discrimination occurs when an employee is treated "'in a manner which but for that person's sex would be different'"). "A disparate treatment violation is made out when an individual of a protected group is shown to have been singled out and treated less favorably than others similarly situated on the basis of an

impermissible criterion under Title VII." EEOC v. Metal Service Co., 892 F.2d 341, 347 (3rd

Cir. (Pa.) 1990).

Plaintiff does not allege that the two male employees were similarly situated to her in any

respect. Moreover, Plaintiff does not provide any other factual detail from which one might even

draw an inference that the employees were similarly situated, such as the identity of the

employees, the dates of employment, the positions of the employees, the circumstances of their

departure, the circumstances of their return or whether they were full or part-time employees.

Without any allegation that these employees were similarly situated, Plaintiff's claim of

discrimination pursuant to Title VII must fail. Therefore, Count III of the Complaint should be

dismissed.

### C. PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT IV) DERIVES FROM PLAINTIFF'S TERMINATION FROM EMPLOYMENT AND THUS, FAILS TO STATE A CLAIM.

In Count IV, Plaintiff asserts a state law claim of intentional infliction of emotional

distress. The Complaint merely alleges the "Defendant" without specifying which defendant or

what particular conduct was "extreme or outrageous." As with many other aspects of the

Complaint, Defendants are left to guess that the conduct at issue is Plaintiff's termination of

employment with Mr. Tile, Inc., as nothing else in the Complaint could even potentially rise to

the level of conduct necessary to support such a claim.

"The cause of action of intentional infliction of severe emotional distress has three

elements: the conduct must be 'extreme and outrageous', be 'intentional or reckless', and cause

severe emotional distress." Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 85 (3d Cir. 1987).

To satisfy the element of outrageousness, the conduct complained of must be "so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community." <u>Jones v. Nissenbaum,</u> <u>Rudolph & Seidner, 244 Pa. Super. 377, 368 A.2d 770, 773 (1976)</u> (quoting Restatement (Second) of Torts § 46 Comment d).

"In the employment context, emotional distress claims rarely succeed because the alleged conduct does not usually rise to the necessary level of outrageousness." <u>Brooks v. Sys. Mfg.</u> <u>Corp.</u>, 2003 U.S. Dist. LEXIS 23696 *10 (E.D. Pa. 2003). As the Courts have recognized: "while loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event and cannot provide a basis for recovery for [intentional infliction of emotional distress]." <u>Id.</u> at *12, quoting, <u>Capresecco v. Jenkintown Borough</u>, 261 F.Supp.2d 319, 323 (E.D. Pa. 2003).

Far worse than the mere termination that is alleged in this case, in <u>Caprescecco</u>, <u>supra</u>, a plaintiff alleged intentional infliction of emotional distress on the basis that the defendants conspired to deprive plaintiff of his job while he was on sick leave; that they did so despite that plaintiff had additional sick time available; that they knew it would effectively deprive plaintiff of medical care during a serious illness; that they knowingly deprived plaintiff of his opportunity to a hearing before terminating him; and that they interfered with the processing of his benefits. Faced with these allegations, the Court dismissed the action for failure to state a claim holding that "[a]lthough the conduct as alleged by Plaintiff, if true, is reprehensible, it does not rise to the requisite level of outrageousness. <u>Id.</u> at 323.

While outrageous conduct may arise in an employer-employee relationship, it has generally been limited to situations involving sexual harassment. See <u>Shaffer v. National Can</u> <u>Corp.</u>, 565 F. Supp. 909 (E.D.Pa. 1983) was the subject of sexual harassment over the course of almost four years. <u>Vegh v. General Electric Co.</u>, 34 Fair Empl. Prac. Cas. 135 (E.D.Pa. 1983)

(unwelcomed sexual advances by a supervisor and verbal and physical conduct) See also <u>Rogers v. Loews L'Enfant Plaza Hotel</u>, 526 F. Supp. 523 (D.D.C. 1981), <u>Stewart v. Thomas</u>, 538 F. Supp. 891 (D.D.C. 1982 <u>Fawcett v. I.D.S. Financial Services</u>, 41 Fair Empl. Prac. Cas. 589 (W.D.Pa. 1986). In all of these cases there was  physical conduct over an extended period of time  and either verbal threats, retaliation or both. Sexual harassment alone did not  rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress.

As one court notes,  "The only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1486 (3d Cir. 1990). That certainly is not the case here. There are no allegations of sexual harassment by any employee at Mr. Tile, Inc.

A fair reading of the Complaint does not give rise to any inference of "outrageous" conduct on the part of either Defendant Cooperman or Defendant Mr. Tile. Therefore, Count IV alleging intentional infliction of emotional distress should be dismissed for failure to state a claim.

### D. PLAINTIFF'S CLAIM FOR RELIEF AVAILABLE UNDER TITLE VII AS PART OF HER WRONGFUL DISCHARGE CLAIM SHOULD BE STRICKEN.

In Count II of her Complaint Plaintiff alleges wrongful termination in contravention of public policy, a state law claim. However, Plaintiff seeks relief pursuant to 42 U.S.C. §2000e-5(g), the Civil Rights Act. (Cmplt ¶64). In this respect, Plaintiff's claim for relief based on a federal statute for a state law claim makes no sense. Therefore, Plaintiff's claim for relief in Count II pursuant to 42 U.S.C. §2000e-5(g) should be stricken from the Complaint.

### E. PLAINTIFF'S FACTUAL ALLEGATIONS RELATING TO HER MATERNITY LEAVE IN 2000 ARE IMMATERIAL, IMPERTINENT AND SHOULD BE STRICKEN

In her Complaint, Plaintiff includes numerous factual allegations regarding four months of maternity leave taken by Plaintiff in early 2000. (Cmplt ¶7-11). These factual allegations are dated, were never raised in any prior administrative or civil proceeding as a concern and have absolutely no connection to or bearing on any of the claims that are alleged against the Defendants.

By including these allegations in the Complaint, Plaintiff has merely confused the focus of the claims at issue and opened the door to discovery against Defendants (and against Plaintiff as well) as to matters that have no relevancy to any claim for relief. Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may order stricken from any pleading any impertinent or immaterial matter. Therefore, Defendants request that paragraphs 7 through 11 be stricken from the Complaint.

**WHEREFORE,** Defendants Mr. Tile, Inc. and Sanford Cooperman respectfully request this Court for an order as follows: a) dismissing Count III of the Complaint; b) dismissing Count IV of the Complaint; c) striking paragraph 62 of the Complaint and the demand for relief pursuant to 42 U.S.C. §2000e-5(g) contained in paragraph 62 of Count II; and d) striking paragraphs 7 through 11 of the Complaint.

GROGAN GRAFFAM P.C.


s/George H. Craig, Esquire_____
GEORGE H. CRAIG, ESQUIRE
Pa. I.D. #18132
BETHANN R. LLOYD, ESQUIRE
Pa. I.D. #77385
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
(412) 553-6300
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants'
Memorandum of Law in Support of Motion to Dismiss was served by First Class United
States Mail, postage prepaid, upon the following counsel of record this 1st day of July,
2005:

Alexander H. Lindsay, Jr.
126 South Main Street
Butler, PA 16001

GROGAN GRAFFAM P.C.

s/George H. Craig, Esquire
GEORGE H. CRAIG, ESQUIRE

{58955-00001 W0148061.2 }