IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MRAZ, | ) CIVIL DIVISION |
| | ) |
| | ) No. ~~04-1910~~ |
| PLAINTIFF, | ) |
| | )    1:05cv 129 |
| v. | ) |
| | ) |
| | ) SCANNED |
| MR. TILE, INC. AND SANFORD | ) |
| COOPERMAN, INDIVIDUALLY AS | ) |
| OWNER AND OPERATOR OF | ) |
| MR. TILE, INC. | ) |
| | ) BRIEF IN OPPOSITION TO |
| | ) DEFENDANT MR. TILE, INC., et al |
| DEFENDANT. | ) MOTION TO DISMISS |
| | ) PLAINTIFF'S COMPLAINT |
| | ) |
| | ) Filed on behalf of Plaintiff |
| | ) |
| | ) Counsel of Record for this party |
| | ) |
| | ) Edith Lynne Sutton |
| | ) Pa. I.D. # 79255 |
| | ) |
| | ) THE LINDSAY LAW FIRM, P.C. |
| | ) 128 South Main Street |
| | ) Butler, Pa 16001 |
| | ) (724) 282-6600 |
| | ) (724) 282-2672 - FAX |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MRAZ, | CIVIL DIVISION |
| PLAINTIFF, | No. 04-1910 |
| v. | |
| MR. TILE, INC. AND SANFORD COOPERMAN, INDIVIDUALLY AS OWNER AND OPERATOR OF MR. TILE, INC. | |
| DEFENDANT. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT MR. TILE, INC. AND SANFORD COOPERMAN, INDIVIDUALLY AS OWNER AND OPERATOR OF MR. TILE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. **STATEMENT OF THE CASE**

The Plaintiff in this case, Stephanie Mraz, filed a Complaint alleging numerous counts against her former employer, the Defendant Mr. Tile, Inc. including Violation of the ADA, Violation of Title VII, Intentional Infliction of Emotional Distress, and Wrongful Termination in Contravention of Public Policy. The Defendant filed a Motion to Dismiss Counts III and IV and to strike paragraph 62 and any relief related thereto, and to strike paragraphs 7 through 11 of the Complaint.

## II.  STATEMENT OF RELEVANT FACTS

The Plaintiff began working for Mr. Tile on Route 422 in Kittanning, PA at or about mid-1997.  Initially, she began working as a phone receptionist and was then promoted to the position of general office secretary.  For approximately the last 2 ½ years that the Plaintiff worked for Mr. Tile, she had been promoted to the position of Service Department Manager.  The Plaintiff's work performance was never an issue at Mr. Tile, Inc.

In October, 2002, while working as the Service Department Manager at the rate of $9.50/hour, the Plaintiff was diagnosed with a rare form of cervical cancer.  As a result of this cancer, the Plaintiff went on short-term disability leave from her position at Mr. Tile for approximately seven months while undergoing chemotherapy and radiation. The Plaintiff was released to return to work on a part-time basis in June of 2003.  At that time she worked two days a week for four hours each day at the insistence of her employer.

In late October of 2003, the Plaintiff felt sufficiently recovered to increase her hours of work.  When she requested an increase in hours, she was informed that work was too slow for her to increase her hours despite the fact that several employees were working over-time.

On October 23, 2003, the Plaintiff spoke with the owner of Mr. Tile, Sanford Cooperman regarding this request.  He informed her that because she had been sick for "too long" she had lost all of her sick days for 2002, paid vacation, raises (her pay was scheduled to increase to $11.00/hour prior to her illness), and the annual Christmas and Labor Day bonuses.  Additionally, he informed her that as a result of her time off, she was on "new employee" status and that there were no extra hours for her to work.  This was

despite the fact that male employees who had quit and returned to work were hired back without a loss of benefits or employee status at Mr. Tile.

As a result of not being permitted to return to increased hours, the Plaintiff filed for Unemployment Compensation Benefits as is permitted by Federal and State law. On Friday, November 7, 2003, her request for UC Benefits was granted. On Monday, November 10, 2003, the Defendants fired the Plaintiff.

### III. STATEMENT OF QUESTIONS INVOLVED

A. WHETHER AN INDIVIDUAL CAN BE HELD LIABLE IN A TITLE VII ACTION AS A MATTER OF LAW AND SHOULD COUNTS III THEREFORE BE DISMISSED AGAINST DEFENDANT COOPERMAN?

SUGGESTED ANSWER: NO/YES

B. HAS THE PLAINTIFF FAILED TO STATE A CLAIM FOR DISPARATE TREATMENT UNDER TITLE VII AND THEREFORE SHOULD COUNT III BE DISMISSED?

SUGGESTED ANSWER: NO

C. WHETHER THE PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DERIVES FROM PLAINTIFF'S TERMINATION OF EMPLOYMENT AND THUS, FAILS TO STATE A CLAIM UNDER COUNT IV?

SUGGESTED ANSWER: NO

D. WHETHER THE PLAINTIFF'S CLAIM FOR RELIEF AVAILABLE UNDER TITLE VII AS PART OF HER WRONGFUL DISCHARGE CLAIM SHOULD BE STRICKEN?

SUGGESTED ANSWER: YES

E. WHETHER THE PLAINTIFF'S FACTUAL ALLEGATIONS RELATING TO HER MATERNITY LEAVE IN 2000 ARE IMMATERIAL, IMPERTINENT AND SHOULD BE STRICKEN?

SUGGESTED ANSWER: YES

## V. LEGAL STANDARD

Under F.R.C.P. 12(b)(6), a court should dismiss a claim for failure to state a cause of action only where it appears with certainty and beyond any doubt that no relief could be granted under any set of facts, which could be proved. ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984).

The purpose of a 12(b)(6) motion is to test the legal sufficiency of a complaint. ***Brown v. Hammond***, 810 F.Supp. 644, 645 (E.D. Pa. 1993). When ruling upon a 12(b)(6) motion to dismiss, the court must accept all well plead allegations as true and construe the complaint in the light most favorable to the plaintiff, giving them the benefit of every reasonable inference which may properly be drawn from the facts plead. ***Colburn v. Upper Darby Township***, 838 F.2d 663, 664 65 (3d Cir. 1988). The court must then determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Id.*

## VI. ARGUMENT

### A. AN INDIVIDUAL CAN BE HELD LIABLE IN A TITLE VII ACTION AS A MATTER OF LAW AND THEREFORE COUNT III SHOULD NOT BE DISMISSED AGAINST DEFENDANT COOPERMAN

The Plaintiff agrees that this action should be dismissed to the extent that this claim Is brought against Defendant Cooperman.

### B. THE PLAINTIFF HAD NOT FAILED TO STATE A CLAIM FOR DISPARATE TREATMENT UNDER TITLE VII AND THEREFORE COUNT III SHOULD NOT BE DISMISSED.

In order to raise a valid claim for violation of Title VII of the Civil Rights Act, the Plaintiff must allege that the employer has intentionally discriminated against her on the basis of one of the protected classes covered by Title VII. The Defendant is correct in surmising that the Plaintiff is alleging a gender discrimination complaint against them. The Defendant is also correct in its assessment that the Plaintiff has not clearly articulated the basis of that claim in her complaint.

As stated in Section II above, the Plaintiff has explained that she was discriminated against by the Defendant by drastic changes to her treatment as an employee, compensation and benefits following her lengthy absence as a result of her illness. In fact, according to the Defendant Cooperman, she was regarded as a new employee upon her return to work. In stark contrast, the Plaintiff noted that male employees who had left their jobs voluntarily were later rehired without any loss of benefits earned during their prior employment. Two specific male employees identified in the Plaintiff's EEOC complaint were Travis McCann and Jason Miller.

A thorough review of **Newport News Shipbuilding and Dry Dock Company v. EEOC,** 103 S.Ct. 2622 (1983) and **EEOC v. Metal Service Co.,** 892 F.2d 341, 347 (3rd Cir. 1990) which are cited by the Defendants in their brief does not support the Defendants' argument on this issue. The cases merely deal with employees that are male and employees that are female that have been treated differently based upon their gender. Factual details such as those demanded by the Defendants in their brief are not required of the Plaintiff at this stage of litigation. Rather, all the Plaintiff is required to do is show the discriminatory intent. The burden then shifts to the Defendant to prove that the basis for the disparate treatment is not discriminatory. **Newport News** at 247.

The Plaintiff has alleged the *prima facie* case for a violation of Title VII of the Civil Rights Act. Therefore, she should be given the opportunity to pursue her claim through the discovery and litigation process to prove her claims. If the foregoing is not sufficient to preclude dismissal of this count, the Plaintiff respectively asks for the opportunity to amend her complaint to address this issue.

### C. THE PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DOES NOT SOLELY DERIVE FROM PLAINTIFF'S TERMINATION OF EMPLOYMENT AND THUS THE PLAINTIFF DOES NOT FAIL TO STATE A CLAIM UNDER COUNT IV.

While claims for the Intentional Infliction of Emotional Distress in the employment context are extremely rare, so long as the behavior rises "to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress" it is still a viable cause of action. **Cox v. Keystone Carbon Company,** 861 F.2d 390 (1988). "As a preliminary matter it is for the court to determine if the defendant's conduct is so extreme as to permit recovery." *Id.* citing **Krushinski v. Roadway Express,** 627 F.Supp. at 938.

The Plaintiff has not yet had the opportunity to conduct discovery, however, it is her belief that the behavior of the Defendants in this case can be shown to rise to the level of outrageousness that she can succeed in her claim for Intentional Infliction of Emotional Distress against the Defendant. The totality of the circumstances and events of this case would cause a reasonable person to be outraged. This will be demonstrated through the discovery and litigation process.

### D. THE PLAINTIFF'S CLAIM FOR RELIEF AVAILABLE UNDER TITLE VII AS PART OF HER WRONGFUL DISCHARGE CLAIM SHOULD BE STRICKEN.

The Plaintiff agrees that the relief sought in Count II of her complaint pursuant to 42 U.S.C. 2000e-5(g) should be stricken.

### E. THE PLAINTIFF'S FACTUAL ALLEGATIONS RELATING TO HER MATERNITY LEAVE IN 2000 ARE IMMATERIAL, IMPERTINENT AND SHOULD BE STRICKEN.

The Plaintiff agrees that the factual allegations relating to her maternity leave in 2000 should be stricken.

## VI. CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Plaintiff requests this Honorable Court to deny the Defendants' Motion for Dismissal with regard to Count III and Count IV of her complaint.

Respectfully submitted,

THE LINDSAY LAW FIRM, P.C.


_/s/ Edith Lynne Sutton_
Edith Lynne Sutton, Esquire
Counsel for Plaintiff
Pa. I.D. No. 79255

128 South Main Street
Butler, Pennsylvania 16001
(724)282-6600

## **CERTIFICATE OF SERVICE**

I, Edith Lynne Sutton, Esquire, hereby certify that a true and correct copy of the foregoing document was served on the 12th day of August 2005, by U. S. First Class mail, postage prepaid on the following:

George H. Craig
**GROGAN GRAFFAM, P.C.**
**Four Gateway Center**
**12th Floor**
**Pittsburgh, PA 15222**

*/s/ Edith Lynne Sutton*
Edith Lynne Sutton, Esquire
Counsel for the Plaintiff