IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 05-129E |
| v. | ) | |
| | ) | |
| MR. TILE, INC. and SANFORD | ) | |
| COOPERMAN, Individually as owner and | ) | **A JURY TRIAL IS DEMANDED** |
| operator of MR. TILE, INC. | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

Defendants, Mr. Tile, Inc. (Mr. Tile) and Sanford Cooperman, by their counsel Grogan Graffam P.C., respond to the allegations and the Complaint as follows:

### I.   INTRODUCTION

1.   Paragraph 1 contains no factual allegations and therefore requires no response. To the extent that a response is deemed necessary, Defendants deny liability for any of the claims.

### II.   JURISDICTION AND VENUE

2.   Jurisdiction is admitted. To the extent that paragraph 2 alleges liability, those allegations are denied.

### III.   PARTIES

3.   Upon information and belief, admitted.

{58955-00001 W0151433.1}

4. Admitted in part and denied in part. Defendants admit that Mr. Cooperman is an adult individual and that he operates Mr. Tile. However, Mr. Cooperman does not "own" or maintain any shares in Mr. Tile, Inc. at the present time.

5. Admitted.

## IV.   FACTUAL ALLEGATIONS

6. Admitted.

7.-11. Paragraphs 7 to 11 of the Complaint were stricken by the Court by Order dated September 6, 2005 and therefore no response is required.

12. Denied as stated. By way of further response, as of April of 2000, Plaintiff assumed a clerical support position in the Service Department. Plaintiff referred to herself as "Service Department Manager".

13. Denied as stated. By way of further response, it was Plaintiff's responsibility for processing credit given by manufacturers for return merchandise, obtaining return authorizations and coordinating the repair of damaged merchandise. In that capacity she worked on various accounts, including the Winner's Only account.

14. Admitted. By way of further response, Plaintiff requested leave in September of 2002. Plaintiff's leave began on October 1, 2002.

15. Denied as stated. By way of a further response, Plaintiff's leave began on October 1, 2002. Plaintiff returned to work on May 27, 2003, a period of approximately eight (8) months.

16. Admitted. By way of further response, Plaintiff was provided with an application for long-term disability, but did not submit the application.

17. Defendants are without knowledge or information sufficient to form a belief as to the averments in paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the averments in paragraph 18.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied as stated. By way of further response, Defendants desired to return to a full-time schedule. However, Plaintiff suggested a schedule and Defendants agreed.

24. Denied. By way of further response, Plaintiff asked for a schedule of two (2) days a week and four (4) hours a day.

25. Denied as stated. By way of further response, Defendants asked Plaintiff to return to a full time schedule. However, Plaintiff requested and Defendants agreed to a reduced schedule.

26. Denied as stated. By way of further response, Ms. Holmes discussed Plaintiff's work schedule with Mr. Klingensmith, but not in the manner alleged by the Plaintiff in the preceding paragraphs.

27. Denied as stated. By way of further response, Plaintiff requested a reduced schedule. The exact schedule was arrived at by mutual agreement.

28. Denied as stated. By way of further response, upon Plaintiff's return to work she was counseled regarding workplace problems involving her that occurred in the past,

including respecting Company property, throwing fits, use of telephone for personal calls, proper business language and prohibition against the use of perfume in the office.

29. Denied. Defendants incorporate herein by reference their response to paragraph 28.

30. Denied as stated. By way of further response, during one week in late June of 2003, Plaintiff was asked and agreed to work additional hours for a total of 23.57 hours.

31. Denied.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32.

33. Admitted.

34. Denied. By way of further response, in late July of 2003, Plaintiff volunteered to work extra hours. A schedule was arrived at by mutual agreement.

35. Admitted. By way of further response, Plaintiff worked in excess of 22 hours for 2 weeks in August of 2003.

36. Admitted.

37. Defendants admit that by October 16, 2003 Plaintiff had made two (2) requests for additional hours. Defendants are without knowledge or information sufficient to form a belief as to how Plaintiff was feeling.

38. Defendants admit that Plaintiff was not granted a request for additional hours as of October 2003. As to the remaining allegations in the second sentence of paragraph 38, Defendants are without knowledge or information sufficient to form a belief as to what is being

alleged. In an effort to be responsive, Defendants admit that as of October 16, 2003 Plaintiff had requested vacation pay and a raise.

39. Defendants admit that Plaintiff drafted a letter but are without knowledge or information sufficient to form a belief as to the reason.

40. Denied as stated. Defendants admit that Plaintiff was not granted additional hours in October and November of 2003. Defendants also admit that Plaintiff applied for Unemployment Compensation.

41. Defendants are advised and therefore aver that the allegations in paragraph 41 state conclusions of law to which no response is required.

42. Defendants admit that Plaintiff applied for Unemployment Compensation and furthermore admit she was terminated on November 10, 2003, but deny any suggested connection between the two. Plaintiff's last day of work was November 16, 2003.

43. Denied.

44. In response to the allegations contained in paragraph 44, the Employee Handbook speaks for itself. The remaining allegations are denied.

45. Denied.

46. Denied.

47. As plead, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47. Defendants deny any inference that Plaintiff was treated differently in any respect from similarly situated male employees.

48. Denied.

## COUNT I

### Violation of Americans with Disabilities Act
### 42 U.S.C.A. §12101 et seq.
### Stephanie Mraz v. Mr. Tile, Inc.

49. Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 48.

50. Denied.

51. Denied.

52. Denied.

## COUNT II

### Wrongful Termination in Contravention of Public Policy

Stephanie Mraz vs. Sanford Corporation and Mr. Tile, Inc.

53. Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 52.

54. Admitted.

55. Defendants admit that Plaintiff filed for Unemployment Compensation but deny that she was refused full time work. To the contrary, upon her return from medical leave in May of 2003 Defendants desired her to return as a full time employee. Plaintiff requested a reduced schedule at that time. By October of 2003, Defendants no longer had a need for Plaintiff to work full-time.

56. Admitted.

57. Denied.

58.  Defendants are advised and therefore that the allegations in paragraph 58 state conclusions of law to which no response is required.

59.  Denied.

60.  Denied.

61.  Denied.

62.  Denied.

63.  Denied.

64.  The allegations contained in paragraph 64 have been stricken by the Court in accordance with the Court's Order of September 6, 2005.

## COUNT III

### Violation of Title VII of the Civil Rights Act
### 42 U.S.C. §2000e-31(a)

65.  Defendants repeat and incorporate herein by reference their responses to paragraph 1 through 64 of the Complaint.

66.  Admitted.

67.  Defendants deny any discriminatory act, but admit the charge was timely filed.

68.  Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff received the notice.

69.  Defendants are advised and therefore aver that the allegations contained in paragraph 69 state conclusions of law to which no response is required.

## PENDANT STATE CLAIM

## COUNT IV

### Intentional Infliction of Emotional Distress

Stephanie Mraz v. Mr. Tile and Mr. Cooperman

70.-73. The allegations contained in paragraphs 70 through 73 have been dismissed by the Court in accordance with its Order of September 6, 2005 dismissing Plaintiff's claim of Intentional Infliction of Emotional Distress.

## **AFFIRMATIVE DEFENSES**

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

Any claims asserted in the Complaint that were not previously presented to the EEOC/PHRC are barred by the statute of limitations and/or the doctrine of failure to exhaust administrative remedies.

## **THIRD DEFENSE**

Defendants assert all statutory damage caps as a defense to this matter.

## **FOURTH DEFENSE**

Plaintiff is not presently disabled.

## **FIFTH DEFENSE**

Defendants repeatedly accommodated Plaintiff by permitting her to take a prolonged medical leave and by permitting her to return to work on a modified schedule at her request.

## SIXTH DEFENSE

Defendants encouraged Plaintiff to work, both by asking her to return from medical leave on a full time basis and asking her to occasionally work additional hours, establishing that she was not regarded as being disabled.

## SEVENTH DEFENSE

Plaintiff's reduction in hours was at her own request.

## EIGHTH DEFENSE

Plaintiff, as a part-time employee, was not entitled to the same benefits as full-time employees.

## NINTH DEFENSE

Defendants' efforts to accommodate Plaintiff do not demonstrate that she was regarded as being disabled. Moreover, Plaintiff's request for certain schedule changes were unrelated to any medical condition and instead related to child care issues.

## TENTH DEFENSE

Plaintiff's medical condition and/or past medical condition, as alleged in the Complaint, was not a factor in Plaintiff's termination from employment. Plaintiff's poor performance and a reduction in overall business led to the termination.

## ELEVENTH DEFENSE

Defendants did not give Plaintiff additional hours when she requested them because additional hours in Plaintiff's position were not needed or desired by the Defendants as of October and November of 2003.

## TWELFTH DEFENSE

Defendant reserves the right to assert any Affirmative Defenses that may prove to be applicable upon discovery in this action.

## THIRTEENTH DEFENSE

Defendants incorporate herein the rulings made by the Court on September 6, 2006 in response to Defendants' Motion to Dismiss.

WHEREFORE, Mr. Tile Inc. and Sanford Cooperman respectfully request this Honorable Court enter judgment in their favor and against Plaintiff.

**A JURY TRIAL IS DEMANDED.**

                         GROGAN GRAFFAM, P.C.

By: s/Bethann R. Lloyd, Esquire
    BETHANN R. LLOYD, ESQUIRE
    Pa. I.D. #77385
    GEORGE H. CRAIG, ESQUIRE
    Pa. I.D. #18132
    Four Gateway Center, 12th Floor
    Pittsburgh, PA  15222
    (412) 553-6300
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer to Complaint was served by First Class United States Mail, postage prepaid, upon the following counsel of record this 16th day of September, 2005:

Edith Lynn Sutton, Esquire
THE LINDSAY LAW FIRM
128 South Main Street
Butler, PA 16001

                              GROGAN GRAFFAM, P.C.

                              By: s/Bethann R. Lloyd, Esquire
                                  BETHANN R. LLOYD, ESQUIRE