IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-129 |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD COOPERMAN, Individually as owner and operator of MR. TILE, INC. | ) ) ) ) | **A JURY TRIAL IS DEMANDED** |
| Defendants | ) | |

**PLAINTIFF'S ANSWERS TO INTERROGATORIES DIRECTED TO PLAINTIFF**

**AND NOW** comes the Plaintiff, Stephanie Mraz, by her attorneys, Edith Lynne Sutton and THE LINDSAY LAW FIRM, P.C. and submits the following answers to interrogatories propounded by Defendants, Mr. Tile, Inc. and Sanford Cooperman.

**INTERROGATORIES**

1. Please state:

    (a)  Your full name;

    (b)  Each other name, if any, which you have used or by which you have been known;

    (c)  The name of your spouse, if any, and the date of your marriage to such spouse;

    (d)  The address of your present residence and the address of each other residence which you have had during the past five (5) years;

    (f)  The date of your birth;



**ANSWER:**  If the Plaintiff correctly understands the
question the Defendant apparently wants to know
if there were specific damages to the Plaintiff
as a result of this action documented by
treatment of a healthcare professional.  Based
upon that understanding, no doctor, psychologist,
counselor or other healthcare professional was
seen in this regard.

7. Other than the alleged wage loss, have you incurred any other expenses or monetary damages as a result of the incidents which are the subject of your Complaint. If so, please state:

    a.    Each such expense or loss;

    b.    The amount;

    c.    The reason the expense or loss was incurred in relation to the incidents in the Complaint; and

    d.    Identify and produce all documentation of any expense or loss identified above.

**ANSWER:**  None.

8. On what date were you diagnosed with cervical cancer and by what doctor?

**ANSWER:**  (a)  September 30, 2003 - initial diagnosis -
            placenda sik teophoplastic disease
         (b)  October 2, 2003 - second diagnosis - glasse

```
         cell carcinoma
    (c)  October 8, 2003 - surgery for glasse cell
         carcinoma

Doctor - Dr. Delgado
```

9. Do you believe you were discriminated against in any way by the Defendants during your leave of absence from October of 2002 through May of 2003? If so, please explain.

**ANSWER:**   Yes.  A salesperson, Heather McClafferty was off on an extended maternity leave during the same time I was off and she received a Christmas bonus; I did not.

10. Did any doctor or healthcare provider impose any limitations on your ability to work between October of 2002 and May of 2003? If so, please answer the following:

      a.    What doctor imposed limitations?

      b.    What were the nature of the limitations?

      c.    What was the period of time of the limitations?

**ANSWER:**   (a) Dr. Delgado

      (b) Surgery, Chemo/radiation, radium implants and subsequent infections requiring hospitalizations.

      (c) While there are no specific limitations given, the nature of Plaintiff's illness,

> treatment, and subsequent resultant physical
> and emotional problems, the Plaintiff was
> unable to work during this time period.

11. Did any doctor or healthcare provider impose limitations on your ability to work between May 27, 2003 and November of 2003? If so, please answer the following:

    a.    What doctor imposed limitations?

    b.    What were the nature of the limitations?

    c.    What was the period of time of the limitations?

**ANSWER**: Dr. Delgado suggested I return to a less stressful position or light duty position, which neither of was available. He then referred me to my PCP for fatigue. PCP suggested therapist/counseling for possible depression.

12. Was there a date on which you were released to return to work without any restrictions? If so, on what date?

**ANSWER**: No.

13. Upon your return to work, what was the precise schedule and number of hours that you claim to have requested of Mr. Tile? Please be specific as to the total numbers of hours you desired to work, the breakdown per day and the time of the day.

**ANSWER**: The Plaintiff did not know exactly what the Defendant wanted. She made the suggestion that she work approximately three or four 4-hour shifts as well as her weekend rotation. The Plaintiff specifically wanted to work weekend

>    rotation because she felt it was unfair to co-
>    workers who had worked more as a result of her
>    leave of absence.
>
>    Initially, the Plaintiff specifically requested
>    to work three or four mornings from approximately
>    8:30 am-12:30 pm to maximize her energy level
>    while at work.  This was in addition to the
>    weekend rotation of approximately 18.5 hours in a
>    weekend from Friday afternoon through Sunday.
>    This would have resulted in a total of twelve to
>    sixteen hours during weeks without rotation.
>    During rotation weeks she would have worked 22.5
>    hours per week under her proposal.

14. Do you contend that you had a right to return to work (in any capacity) after being off work from October of 2002 through May of 2003?  If so, what is the basis of your right to return?

**ANSWER**:   Yes. Gary Klingensmith had promised the Plaintiff
that her job would be held for her.

15. With respect to your claim for unemployment compensation, as referenced in the Complaint, please state as follows:

    a. On what date did you file the claim?

    b. If a hearing was held, on what date was it held?

    c. On what date was a decision rendered?

    d. Did Mr. Tile take any action to challenge your claim for unemployment compensation? If so, what action?

**ANSWER**: (a) October 23, 2003

    (b) No hearing

    (c) November 7, 2003 - According to UC representative Mr. Tile was not disputing anything.

    (d) After termination on November 10, 2003, Mr. Tile did dispute claim. At that time Mr. Tile stated that termination was as a result of poor job performance, which resulted in further delays of the Plaintiff receiving compensation.

16. Have you recovered from your diagnosis of cervical cancer? If so, as of what date do you consider yourself to have fully recovered?

**ANSWER**: Yes. 10/2005 - Now on 6 month checkup schedule - Stronger and more like myself this past summer.