IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MRAZ : | |
| : | Civil Action No. 05-129 |
| **Plaintiff,** : | |
| : | Judge Sean J. McLaughlin |
| v.   : | |
| : | |
| MR. TILE, INC. AND SANFORD : | |
| COOPERMAN, INDIVIDUALLY AS : | |
| OWNER AND OPERATOR OF : | |
| MR. TILE, INC. : | |
| : | |
| **Defendant.** : | |

**PLAINTIFF'S PRE TRIAL NARRATIVE STATEMENT**

**AND NOW**, comes the Plaintiff, Stephanie Mraz, by and through her attorneys, Alexander H. Lindsay, Jr., Esquire of THE LINDSAY LAW FIRM, P.C. and Edith Lynne Sutton, Esquire of SUTTON LEGAL SERVICES, and submits the following Pre Trial Narrative Statement:

## I. BRIEF NARRATIVE STATEMENT OF THE MATERIAL FACTS THAT WOULD BE OFFERED AT TRIAL

### A. Introduction

In this case, the Plaintiff filed a Complaint against the Defendant alleging Violation of the Americans with Disability Act ("ADA"); Wrongful Termination in Contravention of Public Policy; Violation of Title VII of the Civil Rights Act; and a Pendant State Claims for Intentional Infliction of Emotional Distress.

Following briefs and oral arguments in response to Defendants' Motion to Dismiss Plaintiff's Complaint, the Court issued an Order. The Order stated that the Plaintiff's Count III for Violation of Title VII of the Civil Right Act and Count IV for

1

Intentional Infliction of Emotional Distress were dismissed.  Additionally, the Court ordered that Plaintiff's demand for relief in paragraph 62 of her complaint and the demand for relief pursuant to 42 U.S.C. §2000e-5(g) should be stricken as well paragraphs 7 through 11 of the Complaint dealing with the Plaintiff's maternity leave which preceded her current claims against the Defendants.

Therefore, the Plaintiff is permitted to proceed with Count I for Violation of Americans with Disabilities Act and Count II for Wrongful Termination in Contravention of Public Policy.

### B.  Stephanie Mraz

The Plaintiff began working for Mr. Tile on Route 422 in Kittanning, PA at or about mid-1997.  Initially, she began working as a phone receptionist and was then promoted to the position of general office secretary.  For approximately the last 2 ½ years that the Plaintiff worked for Mr. Tile, she had been promoted to the position of Service Department Manager.

The Plaintiff's work performance was never an issue at Mr. Tile, Inc.  From the beginning of her employment until she was terminated, the Plaintiff had only been verbally reprimanded on one or two occasions over a period of five and one-half years.  She was never written up by any supervisor and continued to receive raises throughout her employment with the Defendant.

In October 2002, while working as the Service Department Manager at the rate of $9.50/hour, the Plaintiff was diagnosed with a rare form of cervical cancer.  As a result of this cancer, the Plaintiff went on short-term disability leave from her position at Mr.

Tile for approximately seven months while undergoing chemotherapy and radiation. The Plaintiff was released to return to work on a part-time basis in June of 2003. At that time she worked two days a week for four hours each day at the suggestion of her employer.

In late October of 2003, the Plaintiff felt sufficiently recovered to increase her hours of work. When she requested an increase in hours, she was informed that work was too slow for her to increase her hours. This was despite the fact that several employees were actually working over-time.

On October 23, 2003, the Plaintiff spoke with the owner of Mr. Tile, Sanford Cooperman regarding this request. He informed her that because she had been sick for "too long" she had lost all of her sick days for 2002, paid vacation, raises (her pay was scheduled to increase to $11.00/hour prior to her illness), and the annual Christmas and Labor Day bonuses. Additionally, he informed her that as a result of her time off, she was on "new employee" status and that there were no extra hours for her to work.

As a result of not being permitted to return to increased hours, the Plaintiff filed for Unemployment Compensation Benefits as is permitted by Federal and State law. On Friday, November 7, 2003, her request for UC Benefits was granted. On Monday, November 10, 2003, the Defendants fired the Plaintiff.

### C. **Violation of the Americans with Disability Act**

The Plaintiff's claim is actionable under the Americans with Disability Act in that the Defendant intentionally discriminated against the Plaintiff in violation of the ADA by its refusal to make the reasonable accommodations ordered by her treating Orthopedic

doctor. Additionally, the Defendant intentionally discriminated against the Plaintiff by its refusal to provide reasonable accommodation of the special and exigent needs of the Plaintiff following her second work related injury.

As a direct and proximate result of said intentional and discriminatory conduct, the Plaintiff has lost wages, bonuses and other benefits. Her future earning capacity has been substantially impaired; she has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses all of which will be proven at the trial of this action.

### D.  Wrongful Termination in Contravention of Public Policy

The Plaintiff was exercising her federally protected right when she reported her injury to the Worker's Compensation Bureau. Following exercise of this federally protected right the Defendant subjected the Plaintiff to adverse employment actions, specifically by terminating her.

### II.  COPY OF ALL REPORTS

None at this time.

### III.   COPY OF PHYSICIAN REPORTS

1. Malcolm Berger, M.D., Neurologist
2. Frederick Gilchrist, M.D.

### IV. WITNESSES

1. Stephanie Mraz

2. Michael Mraz

3. Others?

### V. UNUSUAL LEGAL ISSUES

None.

### VI. EXHIBITS TO BE ENTERED LATER

### VII. RESERVATION OF RIGHTS

The Plaintiff reserves the right to call as witnesses any of the parties to this suit and/or any of the persons listed on the Pre Trial Statement filed by the Defendants and/or other persons who may subsequently become known to the Plaintiff and/or any of the other persons who may otherwise be named, appear or who are referred to in the pleadings, interrogatories, depositions, or any part of the records of this action.

The Plaintiff may also enter into evidence some and/or all of the exhibits set forth in the Pre Trial Memorandum filed by the Defendants or any exhibit which may subsequently be come known by the Plaintiffs or which may set forth, appear or be referred to in the pleadings, depositions, discovery, responses or any part of the record of this action.

The Plaintiff reserves the right to file an amended or supplemental Pre Trial Narrative Statement prior to the trial of this case.

In connection with all of the foregoing the Plaintiff also reserves the right to use rebuttal and impeachment evidence.

        Respectfully submitted,

        THE LINDSAY LAW FIRM, P.C.

        */s/ Alexander H. Lindsay*
        Alexander H. Lindsay, Jr., Esquire
        Attorney for Plaintiff

        128 South Main Street
        Butler, PA 16001
        (724) 282-6600

        SUTTON LEGAL SERVICES

        */s/Edith Lynne Sutton*
        Edith Lynne Sutton, Esquire