IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MRAZ, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Civil Action No. 05-129 |
| v. ) | |
| ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD ) | |
| COOPERMAN, Individually as owner and ) | **A JURY TRIAL IS DEMANDED** |
| operator of MR. TILE, INC. ) | |
| ) | |
| Defendants ) | |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Mr. Tile, Inc. ("Mr. Tile") and Sanford Cooperman, by and through their counsel, Bethann R. Lloyd and Grogan Graffam P.C., respectfully move the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their Motion, Defendants state as follows:

1. Plaintiff was an employee of Mr. Tile from 1998 until November of 2003 when she was terminated.

2. Plaintiff has three claims pending against the Defendants: 1) Violation of the Americans with Disabilities Act; 2) Wrongful Termination in Contravention of Public Policy; and 3) Violation of Title VII of the Civil Rights Act—gender discrimination.

### **ADA**

3. Plaintiff was diagnosed with cancer in 2002.

4. Defendants were aware of Plaintiff's diagnosis and treatment on account of her 8 month medical leave of absence from employment from October of 2002 through May of 2003.

5. In her Complaint, Plaintiff alleges that she was terminated in November of 2003 for being regarded as disabled and for having a record of being disabled. (Cmplt ¶50).

6. Defendants claim that Plaintiff was terminated because the office was "slow" on account of a lack of work and further, for performance issues.

7. Plaintiff disputes that these are the true reasons, but when Plaintiff was specifically asked why she thinks she was terminated, her disability or a perceived disability was not among the reasons for which she herself believes she was terminated.

8. There is no other evidence to establish that the termination had any connection to Plaintiff's disability or a perceived disability.

9. Accordingly, Plaintiff cannot establish a prima facie case of disability discrimination and summary judgment is warranted.

### Wrongful Termination

10. Plaintiff's claim of wrongful termination is based on her belief that she was terminated within days of filing a claim for partial unemployment compensation benefits in violation of public policy.

11. With respect to the wrongful termination claim, the records do not support Plaintiff's belief as to the timing of the termination.

12. Furthermore, Defendants never contested Plaintiff's claim for unemployment compensation benefits and in fact, provided information upon which the Bureau based its decision to award benefits.

13. In the absence of any other evidence of wrongful discharge, Plaintiff has not stated a case of wrongful termination in violation of public policy and summary judgment is appropriate.

### Title VII -- Gender Discrimination

14. The crux of Plaintiff's Title VII gender discrimination claim is that she received no benefits upon her return to work after a leave of absence, whereas two male employees who returned after a leave suffered no loss of benefits or seniority. (Cmplt ¶47).

15. The male employees returned to <u>full time</u> employment, whereas Plaintiff returned to <u>part time</u> employment, a distinction that is not based on gender, but hours worked.

16. In light of the above, Plaintiff has not established a claim for gender discrimination and summary judgment in Defendants' favor is appropriate.

**WHEREFORE,** Defendants Mr. Tile, Inc. and Sanford Cooperman respectfully request that their Motion for Summary Judgment be granted and the judgment be entered in their favor and against the Plaintiff.

Respectfully submitted,

GROGAN GRAFFAM, P.C.

s/Bethann R. Lloyd
Bethann R. Lloyd, Esquire
Pa. I.D. No. 77385
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
(412) 553-6300
ATTORNEYS FOR DEFENDANTS,
MR. TILE, INC. AND SANFORD COOPERMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served upon the following parties of record on this 23rd day of May, 2006 via U.S. Mail, first class, postage pre-paid:

Edith Lynne Sutton, Esquire
11 Sunset Court
Cranberry Township, PA 16066
**Counsel for Plaintiff**

                                            s/Bethann R. Lloyd
                                            Bethann R. Lloyd, Esquire