IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-129 |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD COOPERMAN, Individually as owner and operator of MR. TILE, INC. | ) ) ) | **A JURY TRIAL IS DEMANDED** |
| | ) | |
| Defendants | ) | |

## CONCISE STATEMENT OF MATERIAL FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Mr. Tile, Inc. ("Mr. Tile") and Sanford Cooperman, by and through Bethann R. Lloyd and Grogan Graffam P.C., file the following Concise Statement of Material Facts in accordance with Local Rule 56.1:

1.  Stephanie Mraz ("Mraz") began working for Mr. Tile on January 19, 1998 in the Service Department. (Cmplt. ¶ 6 & 12).

2.  Ms. Mraz was diagnosed with cancer on September 30, 2002. (Interrogatory No. 8, Exh. A).

3.  Ms. Mraz took a medical leave of absence from Mr. Tile from October 1, 2002 through May 27, 2003. (Req. for Adms. No. 1 & 2, Exh. B).

4.  Prior to her return to work, Mraz and Mr. Tile discussed how to return her back to the workforce and what type of schedule might work. (Mraz Depo. at 34, Exh. C).

5.  Mraz's doctor suggested that she either reduce her hours or find a less stressful job. (Mraz Depo. at 39, Exh. C).

6. Mraz was never released to return to work without restrictions. (Interrogatory No. 12, Exh. A).

7. Mraz was physically incapable of returning to work full-time. (Mraz Depo. at 27-28, Exh. C).

8. Mraz never specifically requested to return to full time employment. (Mraz Depo. at 29, Exh. C).

9. Mraz suggested that she work approximately three or four 4-hour shifts as well as one weekend rotation. (Interrogatory 13, Exh. A)

10. Mr. Tile accepted her suggested hours permitting her to return to a 4 hour shift, two days a week. Mraz's shift upon her return to work was Tuesday and Thursday, 2 p.m. to 6 p.m. (Mraz Depo. at 35-36, Exh. C).

11. Mr. Tile declined Mraz's offer to take a weekend rotation, believing that was too much for Mraz. (Mraz Depo. at 30-33, Exh. C).

12. Mraz acknowledges she was not physically capable of doing the long shifts necessary for a weekend rotation. (Mraz Depo. at 33-34, Exh. C).

13. Upon returning to work, Mraz experienced fatigue after just a 4 hour shift. (Mraz Depo. at 33-34, Exh. C).

14. Mraz earned no benefits upon her return to work. (Mraz Depo. at 64, Exh. C).

15. Mraz was not entitled to the same benefits as full time employees. (Cooperman Affidavit ¶3-4, Exh. D)(Employee Handbook, Exh. E).

16. Two men who were on a leave of absence and returned to work with benefits returned on a full time basis. (Mraz Depo. at 67, Exh. C)(Cooperman Affidavit ¶4, Ex. D).

17. During the last week in June of 2003, Mr. Tile asked Mraz to work some additional hours on account of the annual inventory. (Mraz Depo. at 42, Exh. C).

18. All employees were asked to work additional hours during the annual inventory week. (Mraz Depo. at 45, Exh. C).

19. Mraz also worked some additional hours for 3 weeks in the July and August time frame when another employee was out on a leave of absence. (Mraz Depo. at 46, Exh. C).

20. Mraz volunteered to work these additional hours. (Mraz Depo. at 46-47, Exh. C).

21. Around September and October of 2003, Mraz began asking to work more hours. (Mraz Depo. at 49-50, Exh. C).

22. Mraz felt her own work was backing up, but none of her supervisors ever told her that her work was backing up. (Mraz at 53, Exh. C).

23. Because Mraz mainly focused on her own work and was only there about 8 hours a week, she does not personally know how "busy" or "slow" other office workers were at that time. (Mraz Depo. at 61, Exh. C).

24. Mr. Tile rejected Mraz's request to work more hours, advising her that the office was "slow" on account of a lack of work. (Mraz Depo. at 53, Exh. C)(Mraz Note of 10/23/03, Exh. F).

25. Accordingly, Mraz filed for unemployment compensation on October 19, 2003. (Employer's Notice of Application, Exh. G; Notice of Financial Determination, Exh. H).

26. Notice of Mraz's claim was given to Mr. Tile per the unemployment compensation Bureau's Employer's Notice of Application which was mailed out on October 27, 2003. (Employer's Notice of Application, Exh. G).

27. October 28, 2003 was the Financial Decision mailing date. (Request for Relief from Charges, Exh. I; Notice of Financial Determination, Exh. H).

28. Mraz received this initial Financial Decision that she would receive benefits. (Mraz Depo. at 108, Exh. C).

29. On October 30, 2003, Mr. Tile responded to the Unemployment Compensation Bureau's request for information. (Employer's Notice of Application, Exh. G).

30. At some point after the initial award, Mraz's benefits were temporarily suspended while the Unemployment Compensation Representative further investigated the reasons she described for her termination. (Mraz Depo. at 108-109, Exh. C).

31. After the Representative spoke with Mr. Tile, Mraz's benefits were reinstated. (Mraz Depo. at 115-116, Exh. C).

32. No hearing was ever held. (Interrogatory 15, Exh. A).

33. The Unemployment Compensation Representative told Mraz that Mr. Tile was not disputing her unemployment claim. (Mraz Depo. at 109, Exh. C)(Interrogatory No. 15, Exh. A).

34. Mr. Tile did not oppose Mraz's claim at any time. (Cooperman Affidavit ¶5, Exh. D).

35. Mr. Tile terminated Mraz's employment on November 10, 2003. (Interrogatory 15, Exh. A).

36. Mr. Tile told Mraz that her services would no longer be required due to a lack of work and that her job duties would be redistributed. (Mraz Depo. at 101, Exh. C)(Cooperman Affidavit ¶6, Exh. D).

37. Mr. Tile also told Mraz that performance issues were another reason for the termination. (Mraz Depo. at 105, Exh. C).

38. From Ms. Mraz's perspective, Mr. Cooperman, the founder and CEO of Mr. Tile, never liked her, even before her leave of absence for cancer. (Mraz Depo. at 127 & 129, Exh. C).

39. Mraz believes she was fired for a combination of the following reasons:

> i. She won money at a company picnic in a drawing that was intended for full time employees (Mraz Depo. at 107, Exh. C);
>
> ii. She requested more hours (Mraz Depo. at 107, Exh. C); and
>
> iii. She filed for unemployment compensation (Mraz Depo. at 107, Exh. C).

Respectfully submitted,

GROGAN GRAFFAM, P.C.

s/Bethann R. Lloyd
Bethann R. Lloyd, Esquire
Pa. I.D. No. 77385
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
(412) 553-6300
ATTORNEYS FOR DEFENDANTS,
MR. TILE, INC. AND SANFORD COOPERMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served upon the following parties of record on this 23rd day of May, 2006 via U.S. Mail, first class, postage pre-paid:

Edith Lynne Sutton, Esquire
11 Sunset Court
Cranberry Township, PA 16066
**Counsel for Plaintiff**

 

s/Bethann R. Lloyd
Bethann R. Lloyd, Esquire

{58955-00002 W0165008.1 }