IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE MRAZ, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-129 |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| MR. TILE, INC. and SANFORD | ) | |
| COOPERMAN, Individually as owner and | ) | **A JURY TRIAL IS DEMANDED** |
| operator of MR. TILE, INC. | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANT'S PRETRIAL STATEMENT

Defendants Mr. Tile, Inc. ("Mr. Tile") and Sanford Cooperman, by and through their counsel, Bethann R. Lloyd and Grogan Graffam P.C., file the following Pre-Trial Statement.

**I.    BRIEF NARRATIVE STATEMENT OF THE MATERIAL FACTS**

Plaintiff was an employee of Mr. Tile in its service department from 1998 until November of 2003 when she was terminated. Plaintiff has three claims pending against the Defendants: 1) Violation of the Americans with Disabilities Act; 2) Wrongful Termination in Contravention of Public Policy; and 3) Violation of Title VII of the Civil Rights Act—gender discrimination (against Mr. Tile only).

Plaintiff was diagnosed with cancer in 2002. Soon thereafter, Plaintiff took an 8 month medical absence from employment from October of 2002 through May of 2003. Plaintiff had no legal right to return to employment with Mr. Tile. However, Mr. Tile permitted her to return and gave her a cost of living wage increase.

When she returned to Mr. Tile in May of 2003, Plaintiff and Mr. Tile worked out a part-time schedule of 8 hours per week. She was not physically capable of returning to

full time employment in May of 2003. She did not return to full-time benefits as part-time employees of Mr. Tile do not receive the same benefits as full-time employees.

After a few months, Plaintiff began to request more hours. When Mr. Tile did not give Plaintiff additional hours, in October of 2003 Plaintiff filed a claim for partial unemployment compensation. Mr. Tile did not contest the claim and benefits were awarded based on information supplied to the Unemployment Compensation Bureau by Mr. Tile.

In November of 2003, Mr. Tile evaluated Plaintiff's status and continuing requests for more hours and determined that her work could be absorbed by other individuals. Mr. Tile was also displeased with her performance in certain respects. Accordingly, it chose to terminate Plaintiff's employment on account of the office being "slow" and also, for performance issues.

Plaintiff disputes that Mr. Tile's stated reasons for her termination are the real reasons, but when Plaintiff was specifically asked why she thinks she was terminated, her disability or a perceived disability was not among the reasons for which she herself believes she was terminated.

Plaintiff has never been released to work full-time duty. And, she has not applied for any full-time positions since her termination.

Defendants filed a Statement of Material Facts in support of their Motion for Summary Judgment which describes the facts of this case in greater detail.

## II.  DAMAGES CLAIMS

Not applicable to the Defendants. Plaintiff has not in her Pre-Trial Statement stated with any specificity the special damages she may seek at trial.

### III. WITNESSES

A. Stephanie Mraz (liability & damages)
B. Michael Mraz (husband)(liability & damages)
C. Mike Mraz (liability & damages)
D. Lil Mraz (liability & damages)
E. Gary Klingensmith (liability)
F. Lois Holmes (liability)
G. La Ree McKinley (liability)
H. Sanford Cooperman (liability)
I. Jodi Klingensmith (liability)
J. Beverly Soloski (liability)
K. Dr. Gregorio Delgado, M.D. (liability & damages)
L. Jim and Kathy Slocum or other Representative of Slocum's General Store (damages)
M. Representative of Rite Aid (damages)
N. Jason Miller (liability)
O. Travis McCann (liability)
P. John McCann (liability)
Q. Bill Kessler (liability)
R. Heather McClafferty (liability)
S. Deborah Hileman (liability)
T. Representative of Unemployment Compensation Bureau (liability)

### IV. WITNESSES TO BE PRESENTED BY DEPOSITION

Defendants may read excerpts of Plaintiff's Deposition Transcript at the trial of this matter, including but not limited to, excerpts relating to the reasons Plaintiff believes she was terminated contained on pages 106 and 107.

### V. EXHIBITS

A. Mr. Tile Employee Handbook
B. Notes on General Pay Scales Meeting 6/28/02
C. Handwritten Letter from Plaintiff (April 2003)
D. Employer's Notice of Application 10/30/03
E. All documents in the possession of the EEOC or PHRC
F. EEOC Notice of Charge of Discrimination 5/6/04
G. EEOC Charge of Discrimination 4/30/04
H. EEOC Position Statement of Mr. Tile, Inc. (including Exhibits)
I. Notes as to Plaintiff's personnel information (on index card)
J. Plaintiff's Payroll Records

K. Monthly Notices of Compensation Charged (redacted to exclude the names and social security numbers of employees other than the Plaintiff)
L. Sales Information Reports
M. Summary of Plaintiff's Time Sheets
N. Plaintiff's typed letter of 10/23/03
O. Dr. Delgado's Note re Plaintiff's return to work
P. Correspondence from LaRee McKinley to Dr. Delgado, M.D. 5/29/03
Q. All records and notes of Dr. Gregorio Delgado (not yet been produced)
R. Affidavit of Sanford Cooperman
S. Time Cards/Entries for the Plaintiff
T. Summary of Time Sheets for the Plaintiff 5/03 through 11/03
U. All records relating to Plaintiff's Unemployment Compensation Claim and Award
V. Claim Confirmation Letter (Unemployment Compensation Claim)
W. Notice of Financial Determination (Unemployment Compensation Claim)
X. Monthly Notice of Compensation Charged
Y. Notes of Lois Holmes relating to the Plaintiff
Z. Notes of the Plaintiff (not yet produced)
AA. Application for Employment with Warren County School District
BB. Plaintiff's Resume
CC. Income tax records
DD. W-2 Forms for the Plaintiff
EE. Employee Termination List
FF. Advertising Invoice
GG. Handwritten Job Description prepared for Discovery Response
HH. Profit Sharing Plan Summary Plan Description
II. Mr. Tile Organizational Chart
JJ. Statement of Income for Store No. 5 2001 through 2005
KK. Defendants' Responses to Discovery Requests, including all documents produced
LL. Plaintiff's Responses to Discovery Requests, including all documents produced
MM. Defendants' Initial Disclosures and documents identified and/or produced therewith
NN. Plaintiff's Deposition Transcript
OO. All medical records produced by the Plaintiff
PP. All Exhibits contained in the Appendix of Exhibits in support of Defendants' Motion for Summary Judgment
QQ. Exhibits listed in the Pre-Trial Statement of the Plaintiff

## VI. LEGAL ISSUES

Defendants' Motion for Summary Judgment is pending and raises several legal issues dispositive of this case.

{58955-00002 W0166430.1 }

## VII.   EXPERT DISCLOSURES

Defendants do not anticipate the need for an expert witness at this time. However, it reserves the right to obtain a medical expert upon receipt of Dr. Delgado's records which have not yet been produced.

Respectfully submitted,

GROGAN GRAFFAM, P.C.

s/Bethann R. Lloyd
Bethann R. Lloyd, Esquire
Pa. I.D. No. 77385
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
(412) 553-6300
ATTORNEYS FOR DEFENDANTS,
MR. TILE, INC. AND SANFORD COOPERMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **DEFENDANT'S PRETRIAL STATEMENT** was served upon the following parties of record on this 13th day of June, 2006 via U.S. Mail, first class, postage pre-paid:

Edith Lynne Sutton, Esquire
11 Sunset Court
Cranberry Township, PA 16066
**Counsel for Plaintiff**


                                          s/Bethann R. Lloyd
                                          Bethann R. Lloyd, Esquire

{58955-00002 W0166430.1 }