IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MRAZ, : | |
| : | Civil Action No. 05-129 |
| **Plaintiff,** : | |
| : | Judge Sean J. McLaughlin |
| v. : | |
| : | |
| MR. TILE, INC. and SANFORD : | |
| COOPERMAN, Individually as owner : | |
| And Operator of MR. TILE, INC. : | |
| : | |
| **Defendant.** : | |

**PLAINTIFF'S ANSWERS OF DEFENDANTS'**
**CONCISE STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

In accordance with Federal rules and case law regarding Concise Statements of Material Facts in Summary Judgment actions, the Plaintiff by and through The Lindsay Law Firm, P.C. and Edith Lynne Sutton, Esquire files the following Answers to the Concise Statement of Material Facts alleged by the Defendants.

1. The averments of fact in paragraph 1 are admitted in part and denied in part. It is admitted that the Plaintiff began working for Mr. Tile on January 19, 1998. It is denied that the Plaintiff began working in the Service Department.

2. The averments of fact in paragraph 2 are admitted.

3. The averments of fact in paragraph 3 are admitted.

4. The averments of fact in paragraph 4 are admitted.

5. The averments of fact in paragraph 5 are admitted.

6. The averments of fact in paragraph 6 are admitted.

7. The averments of fact in paragraph 7 are denied as stated. While upon her initial return to work the Plaintiff was not yet capable of working full-time, she believed and was led to believe by her employer that as she physically improved she would increase her workload and eventually be a full-time employee.

8. The averments of fact in paragraph 8 are denied. The Plaintiff was merely responding to questions by defense counsel regarding her initial return to work. The Defendants are using excerpts from the deposition out of context to give an inaccurate slant to their case.

9. The averments of fact in paragraph 9 are denied as stated. Again the Defendants are using excerpts from the deposition out of context. It was only during her initial return to work that the Plaintiff had suggested 4-hour schedules and even that was at the suggestion of the Defendant Mr. Tile.

10. The averments of fact in paragraph 10 are denied as stated. The suggested hours referred to were suggested by the Defendant Mr. Tile, not the Plaintiff.

11. The averments of fact in paragraph 11 are admitted.

12. The averments of fact in paragraph 12 are denied as stated. Once again, excerpts are being used to give an inaccurate slant to the Defendants' position. The Plaintiff genuinely wanted to work weekend rotations and repeatedly has stated that she thought she could. It was only after she did return to work that she realized how exhausting it was to her.

13. The averments of fact in paragraph 13 are admitted.

14. The averments of fact in paragraph 14 are admitted.

15. The averments of fact in paragraph 15 are denied as stated. The Plaintiff had been a full-time employee for many years and was certainly entitled to the benefits that she had earned the prior year.

16. The averments of fact in paragraph 16 are denied. The two men were not on leaves of absence, but had quit their jobs. One of the men was gone for a period of 6-9 months before requesting to return to employment.

17. The averments of fact in paragraph 17 are admitted.

18. The averments of fact in paragraph 18 are admitted.

19. The averments of fact in paragraph 19 are admitted.

20. The averments of fact in paragraph 20 are denied as stated. Although the Plaintiff offered to help out, she did not expect the level of hours that she worked at that time.

21. The averments of fact in paragraph 21 are admitted.

22. The averments of fact in paragraph 22 are admitted.

23. The averments of fact in paragraph 23 are denied as stated. They are taken out of context. While it is true that the Plaintiff was only there approximately 8 hours a week and did focus on her own work, she did talk to other employees and was aware that some employees were working overtime.

24. The averments of fact in paragraph 24 are admitted.

25. The averments of fact in paragraph 25 are admitted.

26. The averments of fact in paragraph 26 are admitted.

27. The averments of fact in paragraph 27 are admitted.

28. The averments of fact in paragraph 28 are admitted.

29. The averments of fact in paragraph 29 are admitted.

30. The averments of fact in paragraph 30 are admitted.

31. The averments of fact in paragraph 31 are admitted.

32. The averments of fact in paragraph 32 are admitted.

33. The averments of fact in paragraph 33 are admitted in part and denied in part.

34. The averments of fact in paragraph 34 are admitted.

35. The averments of fact in paragraph 35 are admitted.

36. The averments of fact in paragraph 36 are admitted.

37. The averments of fact in paragraph 37 are admitted.

38. The averments of fact in paragraph 38 are denied as stated. The Defendants state "Mraz believes she was fired for a combination of the following reasons." Based upon the deposition transcript a more accurate representation would have been "Mraz believes that she was fired for a combination of reasons, including the following." Between the statements made by the Plaintiff in her complaint, her interrogatories, her admissions, and throughout her deposition, there were many reasons that she believes she was fired. The Defendants attempt to limit it to one portion of the deposition is inaccurate and therefore denied.

Respectfully submitted,

s/ *Edith Lynne Sutton*
Edith Lynne Sutton, Esquire
PA I.D. No. 79255